MONTGOMERY v. CHADWICK.

*Appeal from Dubuque District Court — Wednesday, December 16, 1863.*

STATEMENT OF ACCOUNTS: RENTS AND PROFITS AND IMPROVEMENTS.

THE controversy in this case relates to the redemption of certain lots in the city of Dubuque. The account was stated in the court below by a referee appointed for that purpose. The report of the referee was modified by the court and a decree entered thereon, from which complainant appeals. In the opinion of the court: —

WRIGHT, J., — said: "The same difficulty arises in determining the value of the improvements. We incline to think, however, that the Master underestimated their value. His estimate allows but $130 more than the witness giving them the least value. And yet there is nothing to satisfy us that this witness had peculiar means of judging, nor that his estimate was entitled to weight above all others. Nor can we see anything in all the facts detailed, justifying the conclusion that $900 is up to the true value.

Upon what data the court below proceeded in fixing the value at $2,062.03, we are not advised. No method of computation has been suggested which would give this amount. Those witnesses who fix their value at from $2,500 to $4,000, we think overestimate their worth. One witness values the houses at $1,350. And based upon his opinion and all the facts, we conclude that this is about as fair and equitable an estimate as can be made. He would be entitled to the reasonable and fair cost of the improvements and the interest upon such investment. And while it by no means follows that the result would necessarily be the same, yet as applied to this case, under the testimony, it substantially approximates it, and as the course pursued by the Master, has the merit of being easily understood and applied practically, we shall not undertake to interfere with it.

We have then to consider the ground rent and the value of the improvements. Upon these questions, witnesses differ very widely. As to the first, they vary all the way from nothing up to $100 per annum. The Master fixed it at $25, for a part of the time, and $40 for the balance. As to the second, they vary from $770 to $4,000. In the mass of conflicting testimony, with so little to give anything like a reliable rule, it is extremely difficult to determine the true amount. After examining it all, however, we are inclined to concur in the view taken by the Master, as to the ground rent, and this part of the finding will therefore not be disturbed.

The parties differ as to three items, and these constitute the body of

the case. 1. What was a just or reasonable rent of the lots in the state in which respondent received them? 2. What was a just rent for the improvements placed on the premises by respondent? 3. What was the value of the improvements? And under this last head, one party insists that it is material to inquire into the cost of the improvements, while the other claims that the true inquiry relates to their value at the time of stating the account, or when they are to be paid for by complainant.

It seems that the Master and the court below, instead of ascertaining and fixing the cost of the improvements, estimated their value at the time of stating the account, as ascertained from the testimony of the witnesses. Ordinarily this rule would produce about the same result as that contemplated by this court when the cause was remanded. For while the mortgagee would in the one case be charged with the rents, to this is to be added the value of a well and sidewalk, which was not included in this sum. Estimating these at $150, and adding it to the $1,350, we have as the value of the improvements, $1,500. To which is to be added the balance found due respondent on the original debt and interest, after deducting certain ground rent, to wit, the sum of $72.43, making a total of $1,572.43. And from this is to be deducted, an amount received by respondent for a portion of the property sold by him with interest, to wit, $454.40, which will leave a balance due respondent of $1,118.03, with six per cent interest from March 1, 1862.

The cause will be remanded, with instructions to enter a decree accordingly, the decree in all other respects to stand affirmed. The appellee pays the costs of this appeal, &c.

*S. McNulty* and *B. W. Poor* for the appellants — *Austin Adams* and *George Crane* for the appellee.